FILED
United States Court of Appeals
Tenth Circuit

May 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DON E. OSBY, JR.,

      Defendant-Appellant.

No. 13-5021
(D.C. No. 4:12-CR-00133-CVE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Don E. Osby, Jr.'s plea agreement. The defendant pleaded guilty to one count of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014. The maximum statutory sentence for this offense is 30 years' imprisonment or a fine of not more than $1,000,000, or both.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See id.*  After calculating defendant's applicable advisory guidelines sentencing range as 12 to 18 months' imprisonment, the district court sentenced him to a term of imprisonment of 12 months and one day, five years of supervised release, restitution in the amount of $100,088.08, and a $100 special assessment.  In exchange for defendant's guilty plea, the government dismissed 17 additional counts in the indictment.

In his plea agreement, the defendant "knowingly and voluntarily agree[d] to . . . waive[] the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)," except that he "reserve[d] the right to appeal from a sentence which exceeds the statutory maximum."  Mot. to Enforce, Attach. 1 (Plea Agreement) at 3.  The defendant further agreed to "waive[] the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent order."  *Id.*  The defendant signed his name directly beneath the appellate waiver language, stating, "The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his rights; and that defendant knowingly and voluntarily waives those rights as set forth above."  *Id.* at 4.  The defendant also initialed each page of the plea agreement, signed the final page, and executed a separate acknowledgment stating that he had read the plea agreement, he understood it, and he voluntarily agreed to it.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In evaluating

a motion to enforce a waiver, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.  The defendant's counsel filed a response stating that no valid issue exists for appeal.

Our independent review confirms that the requirements for enforcing the plea waiver have been satisfied.  Accordingly, we grant the motion to enforce and dismiss the appeal.

Entered for the Court
Per Curiam